■ IRVING SHABOT et al., Individually and Doing Business under the Name of SHABOT LINENS, Appellants, v. QUINCY MUTUAL FIRE INSURANCE COMPANY et al., Respondents.— Order entered June 4, 1965, granting the defendants' motion to dismiss the complaint pursuant to CPLR 3216 for unreasonable delay in the prosecution of the action, reversed on the law, without costs or disbursements to either party and the motion denied. This action was com-

menced December 9, 1958 and issue joined July 27, 1960. The action is on an insurance policy to recover damages due to a windstorm for losses allegedly suffered January, 1958. It is not denied that the case remained inactive for three years and three months. On December 23, 1964 the defendant served upon the plaintiff a 45-day notice pursuant to CPLR 3216 demanding that plaintiff serve and file a note of issue. The time for filing the note of issue was extended by stipulation through April 15, 1965. A bill of particulars was served by the plaintiff on March 25, 1965 and a note of issue and statement of readiness was served and filed on March 30, 1965. A compliance with the provisions of the 45-day rule of CPLR 3216 by placing the case on the calendar in the requisite time would seem to preclude the dismissal of the action for failure to serve and file a note of issue or for lack of prosecution (cf. *Salama* v. *Cohen*, 16 N Y 2d 1058; cf. *Tomich* v. *Cohen*, 16 N Y 2d 1058). Nor is an affidavit of merits required to be furnished by the plaintiff if there is otherwise compliance thereunder. (*Fischer* v. *Pan American World Airways*, 16 N Y 2d 725, revg. 22 A D 2d 642.) Moreover, since defendants by stipulation extended the time for the filing of the note of issue they may be deemed to have waived any defense arising out of the delay or failure to file. Concur — Botein, P. J., Breitel, Stevens, Eager and Steuer, JJ.